FILED

2016 AUG -3 PM 1:58

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **SCOTT HURT,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | 3:16 CV 989-J-32JBT |
| **UC SYNERGETIC, LLC and PIKE ELECTRIC, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

**COMPLAINT WITH DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, SCOTT HURT and files his Complaint against the Defendants, UC SYNERGETIC, LLC and PIKE ELECTRIC, LLC (collectively "Defendants") and says:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601 *et seq.* (the "FMLA").

2. This action is to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's interference with Plaintiff's lawful exercise of his rights under the FMLA and retaliation against Plaintiff for exercising his rights under the FMLA, leading to his unlawful termination.

3. This Court has jurisdiction of these claims pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

5. Plaintiff, SCOTT HURT, is a citizen of the United States, and is and was at all times material, a resident of the State of Florida.

6. Defendant UC SYNERGETIC, LLC, is a North Carolina limited liability corporation conducting business in the State of Florida, with its principal place of business in Mount Airy, North Carolina.

7. Defendant, PIKE ELECTRIC, LLC is a North Carolina limited liability corporation conducting business in the State of Florida, with its principal place of business in Mount Airy, North Carolina.

8. Defendants are both employers as defined by the all laws under which this action is brought and employs the requisite number of employees.

9. Plaintiff has complied with all statutory prerequisites to filing this action.

10. Plaintiff was employed jointly by Defendants as a Field Engineer from approximately February of 2014 to August of 2015 and worked out of their Jacksonville, Florida location.

11. While employed by Defendants, Plaintiff satisfactorily performed the job requirements of his position.

12. Plaintiff was a full-time employee who regularly worked 40 hours per week.

13. During his employment, Plaintiff was the primary caregiver for his elderly mother.

14. In or about July of 2015, Plaintiff needed leave from work to care for his mother who was suffering from a serious medical condition resulting in her inability to care for herself.

15. Plaintiff informed Defendants of his need to take time off work for this purpose.

16. Defendants terminated Plaintiff's employment without offering him leave under the Family and Medical Leave Act.

17. Plaintiff was qualified for protected leave under the FMLA.

18. Defendants unlawfully interfered with Plaintiff's rights under the FMLA and terminated Plaintiff in retaliation for Plaintiff's exercise of his rights under the FMLA.

19. Plaintiff has been damaged by Defendants' illegal conduct.

20. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

**Count 1: FMLA Retaliation**

21. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 20, above.

22. Plaintiff was an employee eligible for protected leave under the FMLA.

23. Defendants are and were employers as defined by the FMLA.

24. Plaintiff exercised or attempted to exercise his rights under the FMLA.

25. Defendants retaliated against Plaintiff for exercising or attempting to exercise his FMLA rights.

26. Defendants' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

27. Plaintiff was injured due to Defendants' willful violations of the FMLA, for which he is entitled to legal relief.

**Count 2: FMLA Interference**

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1- 20, above.

29. Plaintiff was an employee eligible for protected leave under the FMLA.

30. Defendants are and were employers as defined by the FMLA.

31. Plaintiff exercised or attempted to exercise his rights under the FMLA.

32. Defendants interfered with Plaintiff's lawful exercise of his FMLA rights.

33. Defendants' actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

34. Plaintiff was injured due to Defendants' willful violations of the FMLA, for which he is entitled to legal relief.

**WHISEFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted by:

*/s/ Amanda Ellen B. Clay, Esq.*
Amanda Ellen B. Clay, Esq.
Fl. Bar No. 28808
Amanda.Clay@spielbergerlawgroup.com
Gary Martoccio, Esq.
Fl. Bar No. 99040
Gary.Martoccio@spielbergerlawgroup.com
**Spielberger Law Group**
202 South Hoover Boulevard
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499

*Trial Counsel for Plaintiff*